**FEE PAID**

FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2022

CENTRAL DISTRICT OF CALIFORNIA
BY:    RS         DEPUTY

1   Jorge Alejandro Rojas
    Rojas.jorge96@gmail.com
2   Plaintiff in Pro Se
    557 Cambridge Way
3   Bolingbrook, IL 60440
    (424) 219-1582
4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  JORGE ALEJANDRO ROJAS,            Case No.:  **2:22-CV-00795-DMG-MRWx**

11          Plaintiff,

12          vs.                        COMPLAINT FOR:
                                       VIOLATIONS OF THE TELEPHONE
13  HARLEV PLUMBING AND                CONSUMER PROTECTION ACT, 47
    REMODELING, INC., YARON            U.S.C. § 227
14  MUALEM, and CHAD RAMIREZ
    SANCHEZ,
15
            Defendants.
16          Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone

17  Consumer Protection Act, 47 U.S.C. § 227, against Defendants Harlev Plumbing

18  and Remodeling ("Harlev"), Yaron Mualem ("Mualem"), and Chad Ramirez

19

20  COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
    PROTECTION ACT, 47 U.S.C. § 227 - 1

1  Sanchez ("Sanchez"), "Defendants" and alleges based on personal knowledge and
2  information and belief, as follows:

3  ### INTRODUCTION

4  1. As the Supreme Court has explained, Americans passionately disagree
5     about many things. But they are largely united in their disdain for robocalls.
6     The government receives a staggering number of complaints about
7     robocalls—3.7 million complaints in 2019. The States likewise field a
8     constant barrage of complaints. For nearly 30 years, representatives in
9     Congress have been fighting back. As relevant here, the Telephone
10    Consumer Protection Act of 1991, known as the "TCPA", generally
11    prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of*
12    *Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

13 2. Plaintiff brings this action against Defendants for violations of the TCPA,
14    47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

15 3. This case involves a campaign by Defendants to obtain business via
16    themselves or affiliates making telemarketing calls in an effort to solicit
17    business, specifically, to improve homes through the solicitation of its
18    contractor services.

19 ### JURISDICTION AND VENUE

20 COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
   PROTECTION ACT, 47 U.S.C. § 227 - 2

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as they regularly and systemically conducts business in the state of California. Defendants have a California Contractor's License and at least one location in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Harlev Plumbing and Remodeling Inc ("Harlev") or ("Defendant") is a California Domestic Stock entity, with a principal entity address of 17624 Sherman Way, Lake Balboa, CA 91406, and a registered agent of Yaron Mualem at the same address.

9. Defendant Yaron Mualem ("Mualem") is the Chief Executive Officer of Harlev, and has the same address as Harlev.

10. Defendant Chad Richard Sanchez ("Sanchez") is the Secretary of Harlev, and has the same address as Harlev.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

11. Defendants Mualem and Sanchez are referred to as "Individual Defendants."

12. Individual Defendants owned, operated, and were officers, employees, and agents of their respective companies. At all material times referenced herein, Individual Defendants participated in the conduct that was directed at Plaintiff, who resides in this District. The acts and omissions performed by Individual Defendants giving rise to liability in this matter occurred or were performed in this District.

13. Defendants are persons as defined by 47 U.S.C. § 153(39).

14. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

### **STATUTORY BACKGROUND**

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

16. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in,

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 5

property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

19. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

21. The Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

22. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## **FACTUAL ALLEGATIONS**

23. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

24. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

25. Plaintiff is the account holder and customary user of his phone number.

26. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

27. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

28. Defendants are an organization and their owners that among other things places telemarketing calls to individuals in order to get them to contract their services to make improvements to their home. Defendants solicits the services of themselves and any vendors and affiliates via telemarketing.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

29. **Call 1.** On December 2, 2021, at 3:58 PM, Plaintiff received a telephone call from Defendants, from 760-400-7885.

30. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by an "Estefania Flores" speaking in Spanish who began soliciting the services of Defendant.

31. When asked by Plaintiff who Defendant worked for, Ms. Flores stated it was for "Hogar Ecologico" and when asked to provide a website, she refused.

32. Eventually, Ms. Flores terminated the telephone call.

33. **Call 2.** Sometime after Call 1, but before Call 3, Defendant called Plaintiff again, for the purpose of soliciting Defendant's services. Similar to call 1, the call consisted of a beep, followed by a pause.

34. **Call 3.** On February 3, 2022, at 3:38 PM Chicago time, Plaintiff received a telephone call from Defendant, from 213-667-3656.

35. Call 3 originated from a spoofed telephone number. When Plaintiff tries to call the number back, a busy tone occurs.

36. Call 3 consisted of a beep, followed by a pause, followed by a "Kelly" who introduced herself as working for "California First" regarding energy

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

efficiency upgrades for a home. Specifically, she was offering services such as roofing, doors, and windows.

37. When asked for the name of the company she was calling on behalf of, Kelly stated that it was "California First", and that an appointment would have to be setup first.

38. Plaintiff set up an appointment.

39. **Call 4.** Plaintiff received a telephone call from Defendant on February 3, 2022 at 3:50 PM Chicago time from telephone number 213-401-2742.

40. **Call 5.** Plaintiff received a telephone call from Defendant on February 3, 2022 at 3:51 PM Chicago time from telephone number 213-401-2742.

41. **Call 6.** Plaintiff received a telephone call from Defendant on February 3, 2022 at 3:51 PM Chicago time from telephone number 213-401-2742.

42. Plaintiff attempted to call back the 213-401-2742 telephone number but reached a busy tone, demonstrating that the caller ID was spoofed.

43. Plaintiff missed Calls 4, 5, and 6.

44. **Call 7.** Plaintiff received a telephone call from Defendant, from telephone number 323-682-0625 on February 3, 2022 at 4:02 PM Chicago time.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

45. Plaintiff spoke with a Daniel during Call 7, who identified himself as working for Harlev Remodeling, and provided a website of https://www.harlevpr.com.

46. A search of the California Contractors State Licensing Board reveals Harlev Plumbing and Remodeling Inc has the same address as the website provided by Daniel.

47. Plaintiff alleges each call was made using an Automatic Telephone Dialing System.

48. Even if Defendant was calling Plaintiff during Call 4, 5, 6, and 7 to finish setting up the appointment, it did not have permission to use an ATDS.

49. Plaintiff then identified Defendant as the indispensable party identified in this action.

50. The above calls were made by Defendant for the purpose of soliciting the purchase or the sale of a product or service, specifically, home improvement and construction services, without the required consent from Plaintiff.

51. All calls were similar in nature – soliciting the same kind of services, utilized a similar script, and around a similar period.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 10

52. Defendant masked its telephone number to not reveal its true telephone number.

53. Defendants may be using a third-party lead generator which is placing the unlawful calls, but in either event the actions of named Defendants is illegal through direct and vicarious liability.

54. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

55. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

56. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

57. Plaintiff did not have a prior business relationship with Defendant.

58. Defendant did not have any consent to call Plaintiff.

59. Defendant is not an organization exempt from the TCPA.

60. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

61. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

62. Upon information and belief, Plaintiff received additional calls from Defendant's and its affiliates not included above.

63. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

64. Defendant made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

65. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

66. In total, Defendant and/or its affiliates placed at least six (6) telephone solicitation calls to Plaintiff. Plaintiff alleges at least five (5) of the calls utilized an ATDS. Plaintiff does not seek damages concerning the call where the identity of Harlev was disclosed to the extent that an ATDS was not used in the call.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227 - 12

67. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

68. To the extent the individuals or organizations that called Plaintiff, prior to connecting Plaintiff or providing the lead to Defendants, is not named in this action, Plaintiff alleges direct and vicarious liability against the Defendants' in this action.

69. Defendant has a pattern and/or practice of failing to comply with the TCPA.

70. The foregoing acts and omissions were in violation of the TCPA.

71. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

72. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

73. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

1  each and every call made in violation of the statute, pursuant to 47 U.S.C.

2  § 227(b)(3)(C).

3  74. The acts and omissions of Defendant constitute knowing and/or willful

4  violations of the TCPA, including but not limited to each of the above-

5  cited provisions of 47 U.S.C. § 227.

6  75. Plaintiff seeks injunctive relief prohibiting such conduct violating the

7  TCPA by Defendants in the future.

8  76. Plaintiff is also entitled to an award of costs.

9  77. Defendants' calls were not made for "emergency purposes."

10  78. Defendants' calls to Plaintiff were made without any prior express written

11  consent.

12  79. Defendants contacted Plaintiff even though Plaintiff was on the Do Not

13  Call Registry.

14  80. Defendants' acts as described above were done with malicious, intentional,

15  willful, reckless, wanton and negligent disregard for Plaintiff's rights

16  under the law and with the purpose of harassing Plaintiff.

17  81. The acts and/or omissions of Defendants were done unfairly, unlawfully,

18  intentionally, deceptively and fraudulently and absent bona fide error,

19  lawful right, legal defense, legal justification or legal excuse.

20  COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227 - 14

82. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

83. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

### COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

84. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

85. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least six (6) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

86. Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

87. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $9,000.00 plus costs and any other remedy deemed appropriate.

### COUNT 2. Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

88. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

89. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

90. Defendants called Plaintiff's telephone at least five (5) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

91. Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the five (5) telephone calls.

92. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

### COUNT 3. Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

93. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

94. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

95. Defendants violated this provision during the telephone calls by not identifying themsleves adequately during some of the telephone calls it made.

96. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the three (3) telephone calls which Defendants did not identify themselves properly.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $18,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 18

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial;

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: February 4, 2022


/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582


COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227 - 19

# EXHIBIT 1

# EXHIBIT 1

6/30/2021                              Gmail - National Do Not Call Registry - Your Registration Is Confirmed

 Gmail                                                    Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                              Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

*******************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.